IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN BARTON,<br><br>                   Plaintiff,<br><br>v.<br><br>LELAND ROBINSON, DEAN EVANS, DAN CHATTERTON, SHONTELLE WHITE, JASON KING, DREW SMITH and DAVID LARSON,<br><br>                   Defendants. | **MEMORANDUM DECISION and ORDER GRANTING DEFENDANT JASON KING'S MOTION TO DISMISS**<br><br>Case No. 2:11-CV-941-DN<br><br>District Judge David Nuffer |

On September 25, 2012, the Court held a hearing on Defendant Jason King's Motion to Dismiss.[1] Having considered the arguments by the parties at the hearing and having fully reviewed the briefing submitted by the parties,[2] the Court grants the motion to dismiss for the reasons outlined below.

Plaintiff John Barton's Amended Complaint[3] includes four causes of action. In each cause of action, Barton rarely names any specific defendant, but simply states that "Defendants," collectively, did or did not take some action. Generally, simply "alleging that 'Defendants' did something is insufficient."[4]  "[A] plaintiff has the duty to carefully assess what facts support its

---

[1] Verrified [sic] Motion to Dismiss for Failure to State a Claim and Supporting Memorandum (Motion), docket no. 9, filed Dec. 8, 2011.

[2] *Id.*; Response in Opposition to Defendant Jason King's Verified Motion to Dismiss for Failure to State a Claim and Memorandum of Points and Authorities (Response), docket no. 26, filed Jan. 9, 2012; Reply to Plaintiff's Response to Defendant King's Motion to Dismiss (Reply), docket no. 35, filed Feb. 14, 2012.

[3] Amended Complaint, docket no. 34, filed Feb. 13, 2012.

[4] *Driessen v. Sony Music Entm't*, No. 2:09-cv-140-CW, 2012 WL 130412, at *1 (D. Utah Jan. 17, 2012).

claim, to clearly and succinctly state those facts as they may apply to each defendant who is named, and to assure itself that the facts indeed support each cause of action that is pled."[5]

Barton's first cause of action claims Due Process violations under 42 U.S.C. § 1983. King is not specifically identified with any action under this claim. Rather, King is identified as a "therapist affiliated under the direction of DCFS"[6] earlier in the complaint. This is not sufficient to allege that King is a state actor or acted under the color of state law as required under section 1983.[7]

The second cause of action in the Amended Complaint is a claim of Equal Protection violations. Again, King is not named in this cause of action. Additionally, Barton has not pled sufficient facts to show that King was somehow a state actor who treated Barton differently from others "similarly situated in every material respect."[8] As in the first cause of action, there are insufficient facts in the Amended Complaint to find that King is a state actor for the purposes of the Equal Protection or Due Process claims.

Barton's third cause of action alleges civil rights violations under 42 U.S.C. § 1985(3). A section 1985(3) claim alleges a conspiracy to interfere with civil rights. King is not identified in this cause of action as a conspirator in any way. Again, there are insufficient facts in the Amended Complaint to state a conspiracy claim against King.

The fourth and final cause of action in the Amended Complaint is an allegation that Barton's civil rights were violated under the Utah Constitution. The court declines to exercise supplemental jurisdiction over Barton's state law claims.

---

[5] *Id.; see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).
[6] Amended Complaint at 3.
[7] *Ellibee v. Fox,* 244 F. App'x 839, 843 (10th Cir. 2007).
[8] *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1216 (10th Cir. 2011).

## ORDER

IT IS HEREBY ORDERED that Defendant King's Motion to Dismiss[9] is GRANTED.

Dated this 26th day of September, 2012.

                                             BY THE COURT

                                             David Nuffer
                                             United States District Judge

---

[9] Docket no. 9.